UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL INDICTMENT NO.: |
| v. | ) | |
| | ) | 1:22-CR-00283-UNA |
| GLENN B. LAKEN, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO SEVER OFFENSES AND DEFENDANTS

Defendant, Glenn Laken, urges the court to sever offenses and defendants in order to facilitate Glenn Laken's right to a speedy trial.

Rule 14, Fed.R.Crim.P. provides:

"If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."

Most of the defendants in this case are located outside the United States. Though their current extradition status is not recorded on PACER (and most do not have attorneys in the United States who have filed an appearance), it is apparent that this case is on hold.   And for how long, we do not know.

Moreover, there are actually two entirely separate conspiracies in the indictment.  Though there are several common members and arguably Rule 8 is satisfied, Glenn Laken is undeniably only alleged to be involved in one of the conspiracies.

The government has little control over the extradition process in foreign countries, therefore, a prediction about how long this delay will last is entirely speculative.  Maybe a few months.  Maybe years.

In the meantime, Mr. Laken is burdened with anxiety and some restrictions as a result of his pretrial bond conditions.

The government may have to try this case twice.  So be it.  Mr. Laken should not be required to remain in limbo for months or years while we await the extradition process in different countries to assemble the various defendants in the United States. *See generally United States v. Byrd*, 466 F.Supp.2d 550 (S.D.N.Y. 2006); *United States v. Magnotti*, 51 F.R.D. 1 (D.Conn. 1970); *United States v. Acosta*, 807 F.Supp.2d 1154, 1270 (N.D.Ga. 2011) (severance not appropriate where the defendant is the cause of the delay); *United States v. Thomas*, 2008 WL 5427596 (M.D.Ala. 2008) (government's motion for continuance denied where there was no assurance when co-defendants in foreign countries would be extradited to the United States).

For the foregoing reasons, Defendant Glenn Laken urges the court to sever his case from the fugitive co-defendants, as well as the defendant(s) charged in the unrelated conspiracy.

This, the 24th day of February, 2023.

RESPECTFULLY SUBMITTED,

**GARLAND, SAMUEL & LOEB, P.C.**

/s/ *Donald F. Samuel*
DONALD F. SAMUEL, ESQ.
Georgia Bar No. 624475
Attorney for Defendant

3151 Maple Drive, N.E.
Atlanta, Georgia 30305
Phone: 404-262-2225
Fax:  404-365-5041
dfs@gsllaw.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) CRIMINAL INDICTMENT NO.: |
| v. | ) |
| | ) 1:22-CR-00283-UNA |
| GLENN B. LAKEN, | ) |
| | ) |
|     Defendant. | ) |

## **CERTIFICATE OF SERVICE AND COMPLIANCE**

The undersigned attorney hereby certifies that the foregoing document, which was prepared using Times New Roman, 14-point font, with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record.

This, the 24th day of February, 2023.

**GARLAND, SAMUEL & LOEB, P.C.**

/s/ *Donald F. Samuel*
DONALD F. SAMUEL, ESQ.
Georgia Bar No. 624475
Attorney for Defendant

3151 Maple Drive, N.E.
Atlanta, Georgia 30305
Phone: 404-262-2225
Fax:  404-365-5041
dfs@gsllaw.com