IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>     *v.*<br><br>GLENN LAKEN<br>CHRISTOPHE MERANI | Criminal Action No.<br><br>1:22-cr-283-VMC-CMS |

**UNITED STATES' OPPOSITION TO
DEFENDANTS' MOTION TO SEVER**

The United States of America, by Ryan K. Buchanan, United States Attorney for the Northern District of Georgia, and Nathan P. Kitchens and Tal C. Chaiken, Assistant United States Attorneys, respectfully files this response in opposition to Defendant Glenn Laken's Motion to Sever (DE 47) and Defendant Christophe Merani's Motion to Sever (DE 52). Defendants have not met their heavy burden of showing that this is an exceptional case where a joint trial would result in a specific and compelling prejudice to their defense. Rather, a joint trial would serve important interests, including promoting judicial efficiency, reducing the risk of inconsistent verdicts, and lightening the burden on victims and witnesses. The Court should deny Defendants' Motions to Sever.

**Relevant Factual and Procedural Background**

The Indictment (DE 1) charges eight defendants[1] with conspiracy and substantive fraud-related charges in connection with a scheme to manipulate the stock prices of two publicly traded companies for profit. Seven of the defendants

---

[1] Charges against a ninth defendant, Jeffrey Cox, were dismissed after the United States learned that Cox was deceased. (DE 57.)

– including Merani – are charged in connection with the scheme related to Lotus Bio-Technology Development Corp. ("Lotus"), while three of the defendants – including Laken – are charged in connection with the scheme related to Good Gaming, Inc. ("Good Gaming"). Two of the defendants – Rahim Mohamed and Richard Tang – are charged in connection with the scheme as to both Lotus and Good Gaming.

Laken and Merani had their initial appearances in this District on October 3, 2022. (DE 34, 36.) On October 20, 2022, Merani filed a consent motion to continue the pretrial conference for 90 days, which the Court granted. (DE 39–40.) On January 23, 2023, the Court granted Laken and Merani's oral motion for an additional continuance of the pretrial conference to February 28, 2023. (DE 43.) A third co-defendant, Davies Wong – who, along with Merani, is charged in connection with the Lotus scheme – had his initial appearance in this District on May 11, 2023. (DE 58.) A pretrial conference as to Wong is scheduled for September 22, 2023. (DE 71.) The remaining co-defendants, none of whom reside in the United States, have not yet had initial appearances in this District.

## LEGAL STANDARD

The general rule in the Eleventh Circuit is that defendants who are jointly indicted should be tried together. *United States v. Lopez*, 649 F.3d 1222, 1234 (11th Cir. 2011). Joint trials "serve important interests: they reduce the risk of inconsistent verdicts and the unfairness inherent in serial trials, lighten the burden on victims and witnesses, increase efficiency, and conserve scarce judicial resources." *Id*. at 1233–34. This rule is especially pronounced in conspiracy cases where defendants are charged in a common conspiracy. *Id*. at 1234. In

"exceptional circumstances" that are "few and far between," a defendant may obtain a severance if he can "carry the heavy burden of demonstrating that compelling prejudice would result from a joint trial." *Id.* (citation, internal quotation marks, and alterations omitted). To show "compelling prejudice" a defendant must show that (1) a joint trial would actually prejudice the defendant and (2) no other remedy – such as jury instructions or another method short of a severance – would remedy that prejudice. *Id.*; *see also Zafiro v. United States*, 506 U.S. 534, 539 (1993) ("[L]ess drastic measures [than a severance], such as limiting instructions, often will suffice to cure any risk of prejudice.").

## ARGUMENT

Laken and Merani have not met their heavy burden of showing that this is an "exceptional circumstance" where a joint trial would cause them "compelling prejudice." In essence, Laken and Merani both ask for a severance because they want to proceed to trial before other co-defendants may be ready for trial. (DE 47 at 2; DE 52 at 5.) As the Honorable William S. Duffey Jr. explained, however, a defendant's claim "that without a severance he will not reach trial as soon as he would prefer . . . is not a 'specific and compelling prejudice.'" *United States v. Flores*, No. 1:05-cr-558-WSD-JFK, 2007 WL 2904109, at *14–15 (N.D. Ga. Sept. 27, 2007) (referring to the defendant's severance argument as an unsupported, "novel contention"). As explained below, Defendants do not assert any other compelling prejudice warranting a severance.

Laken contends that a severance is warranted because he is "burdened with anxiety and some restrictions as a result of his pretrial bond conditions." (DE 47 at 2.) These vague, conclusory, and unsupported assertions are not

-3-

sufficient to meet Defendants' "heavy burden."  *See United States v. Adams*, 1 F.3d 1566, 1578 (11th Cir. 1993) (explaining that conclusory allegations cannot carry a defendant's heavy burden to show compelling prejudice).  Similarly, Merani invokes alleged prejudice caused by his inability to visit his family in Canada and his inability to obtain a pilot's license without a physical copy of his passport.  While Merani's assertions are more specific than Laken's, they are no more compelling.  Neither Defendant has ever asked the United States for a modification to his pretrial conditions or for consent to, for example, travel to Canada[2] or temporarily obtain a copy of his passport.  Even if the burden imposed by Defendants' pretrial conditions – which exist in nearly every criminal case – could warrant a severance, Defendants cannot use their pretrial restrictions as a basis to seek a severance without having made any effort to remedy the impact of those restrictions.

Moreover, Merani asserts that a delay in trial is prejudicial to him because witness memories (including his own) are fading.  But the Eleventh Circuit "has consistently held that conclusory assertions of prejudice, including unsubstantiated allegations of witnesses' fade memories, are insufficient to constitute proof of actual prejudice."  *United States v. Hayes*, 40 F.3d 362, 366 (11th Cir. 1994); *United States v. Avalos*, 541 F.2d 1100, 1115–16 (5th Cir. 1976) (explaining that "vague assertions of faded memory and lost witnesses without connecting this loss to any material fact in issue" does not establish actual

---

[2] The United States recently recommended that co-defendant Wong be permitted to reside in Canada pending resolution of his criminal case.

impairment of the defense)[3]. In fact, Merani asserts that text messages between him and one of his co-defendants and bank records "will completely exonerate [him] at trial." (DE 52 at 3.)[4] He makes no assertion, however, that those text messages and bank records will not be available for trial or that a delay in the trial date would prevent his use of those records.

Neither Laken nor Merani cite any authority (let alone from this Circuit or District) granting severance under similar circumstances. Each of Merani's authorities involved a defendant who, unlike Laken and Merani, was in custody pending trial. *See United States v. Byrd*, 466 F. Supp. 2d 550, 553 (S.D.N.Y. 2006) (granting severance for a defendant who was "being detained without bail"); *United States v. George*, No. 17-201, 2019 WL 4194526, at *13 (E.D. La. Sept. 4, 2019) (the non-capital defendant had been detained for nearly two years at the time severance was granted from trials of capital defendants)[5]; *United States v. Santiago-Mesinas*, No. 18-cr-209-CMA-11, 2018 WL 4899076, at *7 (D. Colo. Oct. 9, 2018) (granting a severance where the defendant was in custody and had sufficiently demonstrated that there was a substantial risk that a jury would not be able to compartmentalize the evidence against him to make an independent

---

[3] Fifth Circuit cases decided before September 30, 1981 are binding in this Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).

[4] While Merani repeatedly asserts his innocence in his Motion, his guilt or innocence – which a jury ultimately will determine – is not relevant to the determination of whether the circumstances here warrant a severance.

[5] Merani characterizes *George* as a case where a court granted severance to avoid a ten-month delay. (DE 52 at 2.) But in that case, the defendants had been indicted on November 2, 2017 and the non-capital defendant had filed his initial motion for severance in October 2018, which the court denied in continuing the trial to November 2019. 2019 WL 4194526 at *11 & n.53

determination of his guilt or innocence); *United States v. Baca*, No. CR 16-1613, 2016 WL 6404772, at *31–32 (D.N.M. Oct. 20, 2016) (granting severance where the defendant was in custody and had shown that a joint trial would prevent the jury from making a reliable judgment about his guilt or innocence).

Laken's authorities likewise involve inapposite circumstances and procedural postures. *See United States v. Thomas*, No. 2:07-cr-61-MHT, 2008 WL 5427596, at *1–2 (M.D. Ala. Dec. 30, 2008) (denying government's motion to continue so that co-defendants could be tried together, where the continuance was sought five and a half business days before trial, the defendant was seven and a half months pregnant, and two co-defendants had already had separate jury trials); *United States v. Magnotti*, 51 F.R.D. 1, 2–3 (D. Conn. 1970) (granting severance based on balancing of several factors, including determination that evidence against one defendant might unfairly prejudice the other, but noting that a slight delay in trial would not be unduly prejudicial to a defendant who was not in custody pending trial); *United States v. Acosta*, 807 F. Supp. 2d 1154, 1269–72 (N.D. Ga. 2011) (denying severance).

Here, Laken and Merani are not in custody. Neither has ever requested a modification of any pretrial bond condition that they now assert as a basis for severance. And neither identifies any specific, compelling prejudice to their defense that would result from a delay in trial. Indeed, Laken and Merani requested two continuances totaling approximately four months for their motions' deadline, which comprises roughly half of the time that has elapsed since their arraignments. (DE 39, 43.) In seeking these delays, Laken and Merani did not mention any purported prejudice to themselves from prolonging these

proceedings, and they do not identify any changed circumstances since they sought their last continuance less than five months ago.

Moreover, at the time that Laken and Merani filed their Motions to Sever, no other defendants had appeared in this District. That has now changed, as Davies Wong was arraigned on May 11, 2023 and has a pretrial conference scheduled for September 22, 2023. In a multi-defendant case, it is not uncommon for trial as to one defendant to be delayed while other defendants' cases go through the pretrial process, and there is no reason why that general rule should not apply here to preclude a severance. Merani apparently concedes that there is no basis to sever his case from Wong's and from any other defendant who may later appear, as he seeks severance only from the cases of "non-appearing co-defendants." (DE 52 at 1.)

Finally, a denial of severance will not cause a Speedy Trial Act violation. The Speedy Trial Act provides that when computing the time within which the trial of an offense must commence, the Court "shall" exclude "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6); *see also United States v. Murray*, 154 F. App'x 740, 745 & n.8 (11th Cir. 2005) (explaining that a two-and-a-half year continuance in the trial date did not violate the defendant's right to a speedy trial because a co-defendant fought extradition to the United States, such that the Speedy Trial time limit never began to run).[6] The Eleventh Circuit has recognized that "Congress

---

[6] Merani's Motion suggests that the Speedy Trial clock has already run "beyond the presumptively reasonable period" as to him because more than 70 days have passed since he declared he was ready for trial. (DE 52 at 4.) But

specifically determined that the efficiency and economy of multi-defendant criminal trials far outweigh the granting of a severance where the reason was simply the passage of time." *United States v. Schlei*, 122 F.3d 944, 985 n.15 (11th Cir. 1997).

The United States Supreme Court has identified four factors that courts should assess in determining whether a particular defendant has been deprived of his right to a speedy trial: (1) length of delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). Unless delay has occurred for a "presumptively prejudicial" period, there is no need to conduct the remainder of the analysis. *United States v. Dunn*, 345 F.3d 1285, 1296 (11th Cir. 2003). "A delay is considered presumptively prejudicial as it approaches one year." *Dunn*, 345 F.3d 1285, 1296 (11th Cir. 2003). The delay here is not yet approaching one year, as it has been only approximately eight months since Laken and Merani were arraigned in this case. Thus, there is no need for the Court to conduct the remainder of the *Barker* analysis.

The other factors, however, likewise show that denial of a severance would not cause a Speedy Trial Act violation. As to the second factor, the reason for the delay is that all co-defendants other than Laken and Merani reside outside of the United States. The United States must therefore pursue the appearance of those co-defendants in this District through voluntary means or through formal extradition, which can be a lengthy process. *See Murray*, 154 F. App'x at 745 n.8

---

under Section 3161(h)(6), the Speedy Trial clock has not begun to run because Merani's case is joined with a co-defendant as to whom the Speedy Trial clock has not run, and no motion for severance has been granted.

("The government's attempt to apprehend a codefendant is a constitutionally valid justification for delaying the trial of an available defendant."). One co-defendant was recently arraigned and has a pretrial scheduling order in place, while other co-defendants may similarly choose to voluntarily appear in this District. As to the third factor, Laken asserted his right to a Speedy Trial on February 24, 2023, and Merani asserted his right on March 28, 2023.[7] Neither of these factors weigh heavily against the United States.

Because "the first three factors do not weigh heavily against the government" in this case, Laken and Merani "generally must demonstrate actual prejudice" to show a violation of their Speedy Trial rights. *United States v. Villarreal*, 613 F.3d 1344, 1355 (11th Cir. 2010). A defendant must demonstrate actual prejudice in one of three ways: (1) oppressive pretrial incarceration; (2) anxiety and concern of the accused; and (3) the possibility that the defendant's defense will be impaired. *Dunn*, 345 F.3d at 1296–97. The Circuit has explained that "the most serious concern is the third." *Id.* at 1297.

Neither Laken nor Merani is incarcerated, such that neither can show he is subject to any pretrial incarceration, let alone oppressive pretrial incarceration. Moreover, while Laken asserts that he "is burdened with anxiety," and Merani contends that he "live[s] with . . . stigma and anxiety," those kinds of vague and conclusory assertions of anxiety – which is present in nearly every criminal case – do not show actual prejudice. *See Avalos*, 541 F.2d at 1115 (explaining that

---

[7] Merani filed a "notice that he is ready for trial and request to set a trial date" on January 31, 2023. (DE 44.) In that notice, Merani indicated that he might file a motion to sever on speedy trial grounds. That notice was filed approximately one week after Merani joined the oral motion to continue the pretrial conference and the pretrial motions deadline. (*See* DE 43.)

anxiety of the sort present in virtually every case does not amount to actual prejudice); *United States v. Holland*, No. 1:17-cr-234-AT-CMS, 2018 WL 8838858, at *16 (N.D. Ga. July 27, 2018) (no actual prejudice where the prosecution caused the defendant to seek medical and professional services for anxiety and other stress-related symptoms because "[a]nxiety and stress . . . are inherent in any prosecution" and "general conclusory allegations" of anxiety are "insufficient to constitute proof of actual prejudice").

Finally, neither Defendant makes any showing that a delay in the trial would impair his defense. Laken makes no assertion at all as to how a delay in trial would impact his defense, while Merani asserts that a delay would prejudice him due to fading witness memories. But, as discussed above, such unsubstantiated and vague assertions of fading memories are insufficient to show actual prejudice. *See Hayes*, 40 F.3d at 366; *Avalos*, 541 F.2d at 1115–16. If anything, Merani asserts that his defense will comprise text messages and bank records – written documents that will not be impacted by the passage of time.

## CONCLUSION

For these reasons, the United States respectfully requests that the Court deny Defendants' Motions to Sever.

Dated: June 9, 2023

RYAN K. BUCHANAN
   *United States Attorney*

NATHAN P. KITCHENS
   *Assistant United States Attorney*
Georgia Bar No. 263930
Nathan.Kitchens@usdoj.gov

*Tal Chaiken*
TAL C. CHAIKEN
   *Assistant United States Attorney*
Georgia Bar No. 273949
Tal.Chaiken@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on June 9, 2023, I filed a copy of the foregoing document electronically using the CM/ECF system, which will automatically generate notice of this filing to all counsel of record.

*Tal Chaiken*
Tal C. Chaiken