IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    *v.*<br><br>RAHIM MOHAMED,<br>RICHARD TANG,<br>DAVIES WONG,<br>PHILLIP SEWELL,<br>ZOLTAN NAGY,<br>CHRISTOPHE MERANI, and<br>GLENN LAKEN | Criminal Indictment<br><br>No. 1:22-CR-283 |

**Protective Order for Discovery Materials**

WHEREAS the discovery materials provided and otherwise made available to Defendants by the United States in this case are voluminous and contain confidential and sensitive personal information pertaining to individuals who are not parties to this litigation, such as dates of birth, addresses, social security numbers, and bank account numbers; and

WHEREAS redaction of all potential confidential and sensitive information in this voluminous production would be unduly burdensome, and would be subject to error given the volume of documentation involved in this production;

THEREFORE, IT IS HEREBY ORDERED, pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, that:

1. Any and all materials and information provided by the United States to Defendants (hereinafter referred to in this Order as "discovery") are to be used by Defendants and their counsel solely for the purpose of allowing Defendants to prepare their defense, and Defendants, defense counsel, and/or members of the

defense team will not disseminate, disclose, or provide discovery materials containing the confidential and sensitive information identified herein to anyone who is not necessary to the preparation of the defense.

2. All discovery materials provided by the United States, regardless of whether such materials and information have already been produced or will be produced in the future, and regardless of whether such materials and information have or will be produced pursuant to Rule 16 or otherwise, shall not be further disseminated by Defendants or their counsel to any individual, organization, or other entity, other than: (1) members of the defense team (i.e., co-counsel, paralegals, investigators, litigation support personnel, Defendants, and secretarial staff); (2) any experts or consultants retained to assist in the preparation of the defense; and (3) the Court, unless the confidential and sensitive information identified herein is redacted from such materials and information. Upon any dissemination of the materials and information containing the confidential and sensitive information identified herein, defense counsel will inform the recipient of this Protective Order and the requirement to maintain the confidentiality of the information conveyed.

3. Defense counsel, any co-counsel, and any investigators may show copies of any discovery containing the confidential and sensitive information identified herein to non-expert witnesses if it is determined that it is necessary to do so for the purpose of preparing the defense of the case, and may do so without any notice to the United States. Defense counsel may also provide copies of discovery documents to witnesses in advance of meeting with them, so long as the witnesses agree that they will not disseminate the documents and defense

counsel retrieves all copies of the documents from the witnesses subsequent to meeting with them.

4.  If Defendants' counsel desire to disclose any discovery or make available or communicate the content of such discovery containing the confidential and sensitive information identified herein to any other person not described in this Order, Government's counsel must first be so advised and seek to reach an informal resolution of or agreement on the matter.  If an agreement cannot be reached, Defendants' counsel shall apply to the Court for relief from this Order.

5.  If Defendants' counsel desire to file any discovery as attachments to motions and it appears that the discovery contains information subject to this Order, the discovery must be filed under seal so as not to reveal sensitive information on the public docket.

6.  This ORDER solely governs Defendants' and defense team's use of documents produced in this action from the United States.  This ORDER does not limit Defendants' and defense team's use of documents that they might already possess prior to receiving discovery, or might obtain through other means.

7.  This ORDER shall survive the final termination of this action and, upon termination of this action and any appeal, counsel for Defendants shall return all copies of the discovery to the Government, or shall certify that said documents have been destroyed.

SO ORDERED this \_\_\_\_ day of _____, 2023.

_____
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE

Prepared by:
Tal C. Chaiken, Assistant United States Attorney
(404) 581-6069