UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | |
| )  | |
| Plaintiff,        ) | |
| )  | CRIMINAL INDICTMENT NO.: |
| v.        ) | |
| )  | 1:22-CR-00283-VMC-CMS |
| RICHARD TANG, PHILLIP SEWELL,        ) | |
| ZOLTAN NAGY, CHRISTOPHE        ) | |
| MERANI and GLENN LAKEN,        ) | |
| )  | |
| Defendants.        ) | |

**DEFENDANT GLENN LAKEN'S
MOTIONS IN LIMINE**

In accordance with the court's pretrial order, Defendant Glenn Laken submits the following Motions in Limine and discovery requests in advance of trial. Counsel for Laken has communicated with the government about these matters and the government has indicated it will respond in writing to these requests, some of which they agree with, others that they oppose.

**RULE 404(b) EVIDENCE IS NOT ADMISSIBLE**

Though the defense has not received a Rule 404(b) notice from the government (it is not due to be filed until later this month), the defense preemptively moves to bar the admission of Rule 404(b) evidence relating to a conviction in the Southern District of New York in an entirely unrelated case involving events that occurred over 25 years ago.

1

Mr. Laken was convicted approximately twenty years ago in the Southern District of New York on a charge that essentially alleged that he made improper payments to representatives of labor union trust funds to induce them to invest in a hedge fund that Laken managed. There was nothing about that offense that was remotely similar, or otherwise probative of the charged offense which accuses Laken of unlawfully engaging in securities fraud by conspiring to "hack" into customers' accounts at a brokerage house and use the money of those unsuspecting account holders to drive up the share prices of stock that Laken and the co-conspirators then allegedly conspired to sell at an artificially high price.

There is no aspect of the prior crime that sheds light on Mr. Laken's state of mind (or the absence of mistake, or any other element of the charged offense) that would be probative of his guilt of the charged offense. In short, this evidence is nothing other than illicit "propensity" evidence: he did it once (albeit twenty-five years ago, so he likely is guilty of doing it again). *See United States v. Sanders*, 668 F.3d 1298 (11th Cir. 2012) (remoteness in time of the prior offense is a factor that should be considered in assessing the admissibility of the prior offense); *United States v. Hubert*, 138 F.3d 921 (11th Cir. 1998); *United States v. Mills*, 138 F.3d 928 (11th Cir. 1998); *United States v. Lail*, 846 F.2d 1299 (11th Cir. 1988) (prior armed robbery conviction was not sufficiently similar to the charged armed robbery; the fact that it was the same offense did not justify admitting the prior offense).

Whether evidence of the prior conviction will be admissible in the event Mr. Laken testifies (Rule 609) should be decided when this issue is ripe.

## THE GOVERNMENT SHOULD BE REQUIRED IN ADVANCE OF TRIAL TO REVEAL ANY EVIDENCE IT WILL SEEK TO INTRODUCE PURSUANT TO RULE 801(d)(2)(E)

The prosecution should be required, in advance of trial, to notify the court and counsel about any out of court statements of any witness that will be offered for the truth of the matter asserted pursuant to Rule 801(d)(2)(E). *See United States v. James,* 590 F.2d 575 (5th Cir. 1979). A *James* hearing out of the presence of the jury is the preferred practice. *United States v. Espino-Perez,* 798 F.2d 439 (11th Cir. 1986).

There are hundreds, if not thousands of text messages between various people involved in the transactions. Some of the communications will presumably not be offered for the truth of the matter asserted (such as text messages between co-conspirators suggesting ways in which to deceive Glenn Laken). Some messages, however, may be offered for the truth of the matter asserted without establishing Laken's membership in the conspiracy. Other messages will be offered that occurred after the conspiratorial objectives were achieved.

The prosecution should be required to submit to the court and counsel a list of text messages or other communications that will be offered pursuant to Rule

801(d)(2)(E) to facilitate the efficient consideration of the admissibility (even if just preliminarily) of the evidence.

It will be necessary to determine when the government contends Glenn Laken supposedly joined the conspiracy and at what point he became the victim of the conspiratorial objectives of Siddhu and Tang, the government's star witnesses. Ultimately, counsel will urge the court to limit any 801(d)(2)(E) evidence to statements that are within the scope of the Laken's conspiratorial objective. *United States v. Magluta*, 418 F.3d 1166 (11th Cir. 2005).

## THE LIKELY VARIANCE IN PROOF VERSUS THE ALLEGATIONS IN THE INDICTMENT LIMITS THE EVIDENCE AND ARGUMENTS THAT CAN BE OFFERED BY THE GOVERNMENT

Count 9 of the indictment alleges that Laken and others conspired to hack into the accounts of various customers at a brokerage house in order to steal the customers' money that was then used to buy shares of stock that resulted in inflating the price of the stock. Indictment, ¶¶ 47, 51 52, 53, 57 [incorporating prior paragraphs] and counts 10-14.

The defense anticipates (and the government will probably concede), that Laken had no knowledge – and did not agree – that any of the alleged co-conspirators, including Tang had any intention (or ability) to hack into any customers' accounts and surreptitiously use the victims' money to drive up the price of the shares. Not a single witness has been revealed to the defense in discovery –

4

including the star prosecution witnesses – who will testify that Laken had any knowledge of any "hacking" that was planned; and nobody will testify that Laken sought to achieve the object of the conspiracy by hacking into the accounts of individuals who had brokerage accounts. Instead, the government contends that Laken (and this is hotly contested) and his supposed co-conspirators were going to improperly "promote" the stock to induce others to purchase shares of stock based on false advertising (i.e., false promotion of the value of the stock, a classic "pump and dump" scheme). This theory (false promotion) represents a stark variance from the *alleged* object of the conspiracy, unless the government claims that *any* crime committed in pursuit of inflating the stock price is fair game. The indictment, in other words (according to this theory of the government), is just a "door opener" and the government is entitled to prove its case unconstrained by the allegations in the indictment. This is not an acceptable basis for deviating from the explicit terms of the indictment. *United States v. Lander*, 668 F.3d 1289 (11th Cir. 2012); *United States v. Narog*, 372 F.3d 1243 (11th Cir. 2004); *United States v. Artrip*, 942 F.2d 1568 (11th Cir. 1991); *United States v. Keller*, 916 F.2d 628 (11th Cir. 1990); *United States v. Chambers*, 408 F.3d 237 (5th Cir. 2005); *United States v. Phea*, 953 F.3d 838 (5th Cir. 2020); *United States v. Lasley*, 917 F.3d 661 (8th Cir. 2019); *United States v. Mize*, 814 F.3d 401 (6th Cir. 2016). In sum, having indicted Laken for

conspiring to hack into the customers' accounts, the government is required to prove that the defendant agreed that hacking into the customers' accounts was the plan.

The government should be advised prior to trial *not* to argue to the jury or allege in opening statement, that *any* effort to fraudulently inflate the price of the stock – however achieved – would be a sufficient basis to prove the wire fraud offense alleged in Count 9.

## WITNESSES SHOULD BE INSTRUCTED NOT TO SPECULATE ABOUT ANOTHER PERSON'S STATE OF MIND

It is an elementary principle of evidence law that one witness cannot speculate about what another person knows or believes. A witness can offer testimony about what another person said, or what another person was told (apart from any hearsay obstacle), or what another person did. But whether offered as an opinion pursuant to Rule 701, or just an offhand remark, a witness should not be permitted to exclaim, "Of course he knew" or "He had to have known." *See United States v. Wantuch*, 525 F.3d 505 (7th Cir. 2008) (a witness's testimony that he knew what the defendant was thinking or what the defendant knew, was inadmissible opinion testimony).

The discovery in this case reveals that in all the text messages between Tang, Siddhu, and Laken, neither Tang nor Siddhu ever told Laken that they were engaged in an illegal promotion of the stock. Not one text message with Laken reveals any statement by Tang, Siddhu, or Laken, that even implies that Tang and Siddhu (or others in cahoots with them) were engaged in criminal activity to enhance the value

of the stock. The government should not be allowed to ask Tang, or Siddhu (or any other witness, for that matter), what Laken "must have known" or "must have realized" or that he had culpable awareness of the criminal escapades of Tang's colleagues.

### THE JURY SHOULD BE INSTRUCTED AND THE GOVERNMENT SHOULD NOT CONTEST THE FACT BY INNUENDO OR OTHERWISE THAT LAKEN HAD ANY ROLE, OR KNOWLEDGE IN THE OTHER CRIMINAL ACTS OF THE CO-DEFENDANT ON TRIAL

The court should offer a limiting instruction that definitively explains that what Tang did with the other conspirators at a different time and place, is not relevant to Laken's charges. The government agrees that Laken had no knowledge of the other crimes committed by Tang. The government should be barred from suggesting in any way that Tang's other crimes, or Siddhu's other crimes, or the crimes (if any) committed by the co-defendant on trial, have any relevance to Laken's guilt and the jury may not consider the crimes committed by others in evaluating Laken's guilt.

### THE GOVERNMENT SHOULD BE REQUIRED TO PROVIDE FULL DISCLOSURE (INCLUDING PORTIONS OF ANY PSR) ABOUT THE FULL EXTENT OF SIDDHU'S "REWARD" AND TANG'S BENEFITS IN RETURN FOR THEIR TESTIMONY ABOUT LAKEN, INCLUDING ANY FINANCIAL BENEFIT THEY RECEIVED (INCLUDING THE PROCEEDS OF ANY CRIME THAT EITHER TANG OR SIDDHU WAS NOT REQUIRED TO RETURN) AND ANY CRIMINAL EXPOSURE THAT WAS WIPED CLEAN BASED ON THEIR TESTIMONY IN THIS CASE

The defense is aware that Tang has not yet been sentenced, but presumably his PSR has been prepared and is in the possession of the government. Relevant

portions, including any exculpatory information, any impeaching information, or any Jencks Act statements should be revealed to the defense *instanter*. Regarding Siddhu, he escaped prosecution entirely, but the defense has received no notice of the benefits he received in addition to the non-prosecution agreement. Whether he served any time in another jurisdiction, and whether that somehow was relevant to this case is not known to the Laken defense. All of this information should be disclosed *instanter*, as required by Fed.R.Crim.P. Rule 5 and the Standing Discovery Order of this Court. The government has informed the defense that they will promptly comply with this request.

Impeachment of a witness during trial has generally been regarded as meeting the "compelling needs" test addressed in other Circuits when determining whether PSR's should be disclosed to third parties. *See, e.g., United States v. Corbitt*, 879 F.2d 224, 239-40 (7th Cir. 1989); *see also United States v. Gomez*, 323 F.3d 1305, 1307-1308 (11th Cir. 2003) (discussing *Corbitt* 7th Circuit case, supra, and "compelling needs" test for PSR disclosure); *United States v. Garcia*, 562 F.3d 947 (8th Cir. 2009); *United States v. Scroggins*, 379 F.3d 233 (5th Cir. 2004). An *in camera* inspection of the requested PSR is normally conducted by the Court before disclosure. Id. If it would help the Court, Mr. Laken can provide (*ex parte* and under seal) a letter outlining his theory of defense so that the Court can better evaluate what information would be relevant to his defense.

Therefore, Mr. Laken requests that the Court enter an order unsealing the PSRs of the testifying co-defendants and authorizing disclosure to undersigned counsel, after the Court has conducted an *in-camera* review of the reports to identify any information relevant to Mr. Laken's defense.

## THE PROSECUTION MUST FILE A NOTICE OF ANY EXPERT TESTIMONY THAT THE GOVERNMENT WILL SEEK TO OFFER IN THIS CASE (IF ANY).

Fed.R.Crim.P. 16(a)(1)(G) requires the government to produce a report documenting the intended testimony of any expert witness. The defense has not received a report from the government regarding any expert testimony it will seek to introduce at trial and barring some explanation for the late disclosure, the defense will object to any expert testimony offered by the government. The government has advised the defense that at this time, there is no anticipated expert testimony that it will introduce.

This, the 13th day of January, 2026.

RESPECTFULLY SUBMITTED,

**GARLAND, SAMUEL & LOEB, P.C.**

/s/ *Donald F. Samuel*
DONALD F. SAMUEL, ESQ.
Georgia Bar No. 624475

/s/ *Amanda R. Clark Palmer*
AMANDA R. CLARK PALMER, ESQ.
Georgia State Bar No. 130608

              Attorneys for Glenn Laken

3151 Maple Drive, N.E.
Atlanta, Georgia 30305
Phone: 404-262-2225
Fax:  404-365-5041
dfs@gsllaw.com

UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL INDICTMENT NO.: |
| v. ) | |
| ) | 1:22-CR-00283-VMC-CMS |
| RICHARD TANG, PHILLIP SEWELL, ) | |
| ZOLTAN NAGY, CHRISTOPHE ) | |
| MERANI and GLENN LAKEN, ) | |
| ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE AND COMPLIANCE**

The undersigned attorney hereby certifies that the foregoing document, which was prepared using Times New Roman, 14-point font, with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record.

This, the 13th day of January, 2026.

                                             **GARLAND, SAMUEL & LOEB, P.C.**

                                             /s/ *Donald F. Samuel*
                                             DONALD F. SAMUEL, ESQ.
                                             Georgia Bar No. 624475
                                             Attorney for Defendant

3151 Maple Drive, N.E.
Atlanta, Georgia 30305
Phone: 404-262-2225
Fax: 404-365-5041
dfs@gsllaw.com